### GENTRY *vs.* SUP. LODGE KNIGHTS OF HONOR.

(*U. S. Circuit Court D. Ind., July, 1885.*)

INSURANCE, LIFE.   What beneficiary may be named by member of mutual assurance society.   What he takes.

The charter of the Supreme Lodge Knights of Honor, which provides for the payment of a sum of money upon the death of a member "to his family or as he may direct," has been correctly construed by the order as allowing the member to designate as his beneficiary any person, whether a member of his family or not.   The privilege thus reserved to the member is a power of appointment of a recipient of a fund, which power is revocable, with the consent of the order and in conformity to its rules and regulations, at the will of the member who has made such an appointment.   The beneficiary thus appointed by a member of the order has no vested interest in fund by reason of the appointment, but takes an interest subject to the power of the member to revoke the appointment, with the consent of the order, and in conformity to its rules and regulations.—*Insurance Law Journal.*

---

### WESTOVER *vs.* ÆTNA LIFE INSURANCE CO.

(*Court of Appeals, N. Y., 1885.*)

EVIDENCE.   Information acquired by a physician professionally, not admissible before or after death of patient.

The New York statute making information acquired by the physician in his professional capacity privileged and prohibiting its disclosure unless expressly waived by the patient, is founded on public policy, and its provisions can not be waived except as expressly provided.   The prohibition remains in force after the death of the patient as well as during his life, and an executor or administrator is not a personal representative of the patient in such a sense as to authorize him to waive it.   He reprepresents simply in respect to rights of property.—*Insurance Law Journal.*